|  |  | **NOT FOR PUBLICATION** |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                            :        Chapter 7
                                                  :
    ALLEN GINESIN,                       :        Case No. 04-30137 (CGM)
                                                  :
                                                  :
                   Debtor.           :
------------------------------------------------------------x
                                                  :
EQUINE RESCUE, INC. and                           :
THE COUNTY OF SULLIVAN,                           :        Adv. Proc. No. 04-9102
                                                  :
                                                  :
                 Plaintiff        :
                                                  :
    - against -                             :
                                                  :
ALLEN GINESIN,                                    :
                                                  :
                 Defendant.       :
------------------------------------------------------------x

## MEMORANDUM DECISION GRANTING
## SUMMARY JUDGMENT TO PLAINTIFFS

**A P P E A R A N C E S :**

Francis Bryan Paz, Esq.
Jacobowitz & Paz.
156 Orange Avenue
PO Box 366
Walden, NY 12586
*Attorneys for Equine Rescue, Inc.*

Michael D. Altman, Esq.
5214 Main Street
South Fallsburg, NY 12779
*Attorney for the Debtor*

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

       In this adversary proceeding, the above-captioned Plaintiffs object to

dischargeability of the Debtor's liability on a $2,631 promissory note pursuant to three

sub-sections of Bankruptcy Code Section 523(a).  First, Plaintiffs allege that the Debtor knowingly and fraudulently represented that he would pay the sums due and owing, which would make the debt non-dischargeable under Section 523(a)(2).  Second, Plaintiffs allege that the Debtor's act constituted a "willful and malicious injury" under Section 523(a)(6).  Third, Plaintiffs assert that the debt is not dischargeable under Section 523(a)(7), a section that renders the debt non-dischargeable to the extent it was incurred "for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit".

Because the promissory note executed by the Debtor arose from court-ordered restitution in connection with a plea bargain, the debt is non-dischargeable under Section 523(a)(7), and the Court grants summary judgment to the Plaintiffs on that basis, for the reasons set forth below.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984.  A determination as to the dischargeability of a debt is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I).

## Background Facts

Debtor filed this no-asset Chapter 7 case on June 3, 2004.  On September 27, 2004, this adversary proceeding was commenced by plaintiff Equine Rescue, Inc. Sullivan County was later added as a plaintiff in the amended complaint.  The following allegations are from the Plaintiffs' amended complaint (ECF Docket No. 9):

- 2 -

- Plaintiff Equine Rescue, Inc. is a nonprofit corporation located in Bloomingburg, New York. Equine Rescue, Inc. claims that its mission is "to rescue and provide rehabilitation and adoption services for[] abused, neglected and abandoned or unwanted horses."

- On or about March 4, 2004, several horses owned by the Debtor were confiscated from the Debtor's residential property by the Sullivan County SPCA of Rock Hill, New York ("SPCA"). SPCA immediately transferred the confiscated horses to Equine Rescue, Inc.

- The Plaintiffs claim that the confiscated horses were emaciated and near starvation, and that a fourth horse died of starvation in February 2004.

- In connection with these allegations, the Debtor was charged by the Town of Bethel Court, Sullivan County, with multiple misdemeanor charges for cruelty to animals.

- The Debtor entered into a plea agreement with the Town of Bethel Court and the Sullivan County District Attorney's Office. As part of the plea deal, Debtor agreed to execute a promissory note for $2,631 payable to Equine Rescue, Inc.

- The Debtor executed the promissory note on June 3, 2004. The Debtor delivered the note to the Sullivan County District Attorney's office at approximately 4 p.m. and then filed this bankruptcy petition at 4:13 p.m. on the same day.

The Debtor's amended answer (ECF Docket No. 11) does not deny any of the material facts in the complaint. The answer does not raise any affirmative defenses and does not allege any facts contrary to the Plaintiffs' claims. In the answer, Debtor admits that: "as a condition to the resolution of this matter against Debtor/Defendant Allen Ginesin in the Town of Bethel Justice Court, a promissory note was executed and delivered by said Debtor/Defendant to said Plaintiff Equine Rescue, Inc." Debtor also admits that the bankruptcy petition was filed at 4:13 p.m. on June 3, 2004, the same day that the promissory note was executed. Schedule F to the Debtor's petition discloses a debt to Equine Rescue for "Animal Care (Horses)" in the amount of $2,631. Debtor's Statement of Financial Affairs also disclosed that the Debtor was a party to an action titled *People v*

*Ginesin* that had been pending in the Town of Bethel, and the Debtor indicated that its status was "settled" as of the filing of the petition.

The order by the Town Court in the Town of Bethel dated June 3, 2004 (the "Restitution Order") recites that "the People of the State of New York have a compelling interest in safeguarding the safety and wellness of certain companion animals seized from the [Debtor]." The Restitution Order then grants two forms of relief. First, the Restitution Order forbids the Debtor to "own, harbor or have custody or control of any other animals, e.g. horses, excluding one (1) dog …, and one (1) bird and several barn cats now in possession of [Debtor], for a period of not less than five (5) years." Second, the Restitution Order directs the Debtor to pay "the sum of $2,631.00, <u>as restitution</u> to EQUINE RESCUE INCORPORATED, P.O. Box 392, Walden, N.Y.  12586.  This is satisfied through [Debtor's] execution of a Promissory Note attached hereto as Exhibit 1." (emphasis added). The Debtor signed the promissory note referenced in the Restitution Order on June 3, 2004, promising to pay the principal amount of $2,631 in 13 monthly installments, beginning July 1, 2004, with each installment to be not less than $100. As stated, Debtor filed a Chapter 7 bankruptcy petition on the same day.

## DISCUSSION

### I.     Standards for Granting Summary Judgment

Pursuant to Rule 56(c), incorporated by Bankruptcy Rule 7056(c), summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the

- 4 -

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)).

## II. Plaintiff's Claim is Non-Dischargeable Under 11 U.S.C. § 523(a)(7)

There are no material facts in dispute. The Debtor admits that the promissory note payable to Equine Rescue, Inc. was executed in connection with a plea agreement with the Sullivan County District Attorney's Office, as set forth in the Restitution Order.

Bankruptcy Code Section 523(a)(7) states in relevant part that a chapter 7 discharge does not discharge an individual debtor from any debt –

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss[.]

Although Equine Rescue, Inc. is not a governmental unit, as that term is defined in Section 101(27)[1], Sullivan County is included within the definition. The Restitution Order was issued by Sullivan County, through the Town of Bethel Court.

In *Kelly v. Robinson*, 479 U.S. 36, 52, 107 S.Ct. 353, 362 (1986), the Supreme Court ruled that "§523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence," including restitution payments. 479 U.S. at 50. The Court cited "the history of bankruptcy court deference to criminal judgments," "the interests of the States in unfettered administration of their criminal justice systems," and

---

[1]  Section 101(27) provides:

"governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

- 5 -

"a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *Id*. at 43-39. The *Kelly* case has withstood the test of time:

> Since *Kelly* was decided in 1986, Congress has taken no action to modify or abrogate Kelly's exception of state criminal restitution orders from chapter 7 bankruptcy proceedings. To the contrary, Congress expressly extended that exception to discharge orders in chapter 13 proceedings, and has codified the exception from discharge of federal criminal restitution orders[.]

*In re Troff*, 329 B.R. 85 (Bankr. D. Utah 2005) (footnote omitted).

*Kelly*, like this case, concerned the dischargeability of an order of restitution.[2] In *Kelly* the restitution payments were a condition to probation after the Debtor plead guilty to larceny in the second degree. *Id.* at 38-39. In holding that the restitution payments were non-dischargeable, the Supreme Court rejected arguments that two qualifying clauses in Section 523(a)(7) rendered restitution payments dischargeable. The appellants argued that unlike traditional fines, restitution payments are forwarded to the victim and "may be calculated by reference to the amount of harm the offender has caused." *Id.* at 51-51. In other words, the appellants in *Kelly* argued that restitution payments are dischargeable when they are not both "to and for the benefit of a governmental unit" or where they represent "compensation for actual pecuniary loss." The Supreme Court reasoned:

> In our view, neither of the qualifying clauses of § 523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution. The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the

---

[2] At the February 1, 2005 pre-trial conference and in his December 6, 2005 brief, the Debtor argued that the Debtor fully complied with Restitution Order which directed restitution and then stated that: "This is satisfied through [Debtor's] execution of a Promissory Note . . . ." The Debtor's argument is that execution of the promissory note completed his restitution obligation. However, the promissory note is itself a "debt" of the type specified in Section 523(a)(7).

- 6 -

> context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

*Id*. at 52. The Supreme Court's holding in *Kelly* reversed the Second Circuit's ruling that the restitution award was dischargeable because "[t]he amount of restitution . . . was precisely $9,932.95," and "was designed to be, among other things, compensation for . . . actual pecuniary loss." *In re Robinson*, 776 F.2d 30, 41 (2d Cir. 1985).

Under *Kelly*, a restitution order that directs payments to an entity other than a governmental unit is non-dischargeable under Section 523(a)(7) so long as the restitution is designed to benefit "society as a whole," and furthers "the penal goals of the State and the situation of the defendant". 479 U.S. at 52. In this case, Equine Rescue, Inc. provided care to the horses that had been confiscated from the Debtor, a service that benefited Sullivan County and society as a whole. Resolving the question of how to care for the horses was an essential issue in settlement of the criminal charges against the Debtor, which explains why they were a condition of the plea agreement. Thus, the promissory note to Equine Rescue, Inc. mandated in the Restitution Order was ultimately "for the benefit of" Sullivan County.

As in *Kelly*, the debt in this case is not "compensation for actual pecuniary loss". As explained in *In re Gelb*, 187 B.R. 87, 91-92 (Bankr. E.D.N.Y. 1995):

> [T]he amount of a restitution order is clearly distinguishable from its purpose. . . . As noted by the *Kelly* Court, a pivotal feature of restitution is its relationship to the pecuniary loss of the victim. But, the Supreme Court concluded that restitution orders "are not assessed 'for ... compensation' of the victim," but rather to promote "the penal and rehabilitative interests of the State."

- 7 -

(citations and footnote omitted). The Restitution Order in this case was not designed to compensate victims or assess damages against the Debtor based upon his conduct. The Restitution Order was designed to address an important societal interest in the safety of the animals confiscated from the Debtor. *See In re Gelb*, *supra,* 187 B.R. at 92 ("The cases that acknowledge the compensatory goals of restitution but nevertheless find state and federal restitution orders non-dischargeable are legion."); *see also In re Fucilo*, 2002 WL 1008935 at *10 (Bankr. S.D.N.Y. Jan. 24, 2002) (citing cases) ("The Supreme Court has given § 523(a)(7) a broad reading, and has held that it applies to all criminal and civil penalties, even those designed to provide restitution to injured private citizens.").

In upholding a federal restitution order[3], the court in *U.S. v. Prodan*, 181 B.R. 279, 281 (E.D. Va. 1995) explained:

> Allowing criminal defendants to discharge restitution orders through Chapter 7 proceedings would lead to ludicrous results. It would force prosecutors, both state and federal, to defend criminal judgments before the bankruptcy courts. Further, allowing for the dischargeability of restitution orders would effectively enable the bankruptcy courts to overturn criminal sanctions imposed on the defendant/debtor by the federal district court. Restitution is not simply a debt to a victim; it is a part of a criminal sentence. . . . If a criminal defendant can simply walk from his sentencing hearing before the district court into the bankruptcy court to discharge a portion of that same sentence, restitution orders as criminal sanctions become meaningless.

(citation omitted). The ruling in *Prodan* anticipated the exact scenario present in this case, where the Debtor entered into a plea agreement including the obligation to pay restitution, and then sought to discharge the restitution obligation by filing a bankruptcy petition on the same day.

---

[3] The issue was decided in a case filed prior to the 1994 amendments to the Bankruptcy Code that added a specific exception to discharge in Section 523(a)(19) for federal restitution orders pursuant to Title 18 of the United States Code.

### III. Award of Summary Judgment *Sua Sponte* is Appropriate in this Case

Because the undisputed facts reveal that the Plaintiffs have a non-dischargeable claim under Bankruptcy Code Section 523(a)(7), summary judgment is appropriate.

Although not expressly authorized by Fed. R. Civ. P. 56 or Bankruptcy Rule 7056, the Second Circuit has acknowledged that the practice of granting summary judgment *sua sponte* "has become an accepted method of expediting litigation." *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991). A *sua sponte* award of summary judgment is appropriate where the trial court has taken care to "give the parties an opportunity to present materials in opposition to the motion." *FLLI Moretti Cereali v. Cont'l Grain Co.*, 563 F.2d 563, 565 (2d Cir. 1977).

At the February 1, 2005 pre-trial conference in this case counsel for the Debtor stated: "What we'd like to do is present this on an agreed statement of facts and let you decide." Debtor's counsel further offered: "I had everything in the Court's file faxed to me this morning to bring, and I'm just willing to leave that with you and let you decide." Instead, after all parties confirmed that there were no material facts in dispute, the Court requested that the case be submitted for summary judgment. The Court requested a joint statement of facts by March 8, 2005 and legal briefs by March 15, 2005. The pre-trial conference was then adjourned to March 29, 2005. No joint statement of facts or legal briefs were submitted within the time frames set by the Court. Thereafter, the parties jointly requested adjournment of further pre-trial conferences on at least nine occasions. When the Court refused to grant an adjournment of the November 22, 2005 pre-trial conference, neither the parties nor the attorneys appeared. Instead, the Debtor appeared through "local counsel" at the request of his attorney. Through local counsel the Debtor

- 9 -

requested that the Court make a ruling on summary judgment and indicated that if the Court could not make a ruling at this time, the Debtor would be willing to do so in thirty days.  The Court indicated at the November 22, 2005 pre-trial conference that a ruling would be made.  Two weeks later, on December 6, 2005, the Debtor submitted a two-page legal brief to chambers urging dismissal of the adversary proceeding.  In the above discussion, the Court has considered and addressed the arguments contained in the Debtor's brief.

  The Court now awards summary judgment *sua sponte* because no material factual issues have been disputed, and the parties have had ample opportunity to present arguments to the Court.  The Plaintiffs have had more than nine months to move for summary judgment, which was first suggested by the Court on February 1, 2005.  Moreover, the Debtor specifically requested on at least two occasions that this Court rule without the need for further appearances, pleadings or arguments.  Under the circumstances, the Court believes that both parties received sufficient time and opportunity to present additional facts and arguments and have taken no action in prosecuting or defending the adversary proceeding for nearly a year.  As indicated above, the Court has considered the brief submitted by the Debtor in response to the Court's declared intention to rule.  It is the Court's view that under the circumstances of this case a further opportunity would serve no purpose.

**Conclusion**

Upon the foregoing, summary judgment is awarded in favor of the Plaintiffs. The remaining causes of action under 11 U.S.C. § 523(a)(2) and (6) are moot. Counsel for Equine Rescue, Inc. is requested to submit an order consistent with this decision.

Dated: Poughkeepsie, New York
December 7, 2005          /s/ Cecelia Morris
                          CECELIA G. MORRIS
                          UNITED STATES BANKRUPTCY JUDGE